# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ALVIN ARNOLD, Jr.,

                *Plaintiff*,

vs.

                       Case No. 07-3296-EFM

SAM CLINE, et al.,

                *Defendant.*

## MEMORANDUM AND ORDER

Before the court is Petitioner Alvin Arnold Jr.'s (Petitioner) writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1).  For the following reasons, the Court DENIES the motion.

## I.  Factual[1] and Procedural Background

On June 13, 2003, after telling his wife that he was going to kill her, Arnold took a shoestring and put it around her neck and tried to choke her.  She was able to free herself.  Arnold then began choking her with his hands.  She again broke free and ran upstairs.  Arnold grabbed her and threw her down the stairs.

Arnold was first charged with attempted second-degree murder in Jewell County District Court, but the charge was amended and he was charged with attempted first-degree murder. Pursuant to a plea agreement, Arnold entered a no contest plea to a reduced charge of attempted

---

[1]The facts are taken from *State v. Arnold*, 2005 WL 400414 (Kan. Ct. App. Feb. 18, 2005)(Unpublished Opinion) and *Arnold v. State*, 2007 WL 1814292 (Kan. Ct. App. June 22, 2007)(Unpublished Opinion).

second-degree murder. Prior to sentencing, Arnold filed a written objection to his presentencing investigation (PSI) report because it showed that he had two aggravated assault convictions from Arkansas.

At the sentencing hearing, the State provided three authenticated copies of documents that were entered into evidence to prove Arnold's Arkansas convictions: a criminal felony information, an order placing Arnold on probation after entering a plea of guilty to two counts of aggravated assault, and a copy of a criminal docket. Arnold argued that the documents were insufficient to prove the convictions.

The trial court found that the three documents were "properly verified through certificates of authentication." The documents also showed that Arnold was represented by counsel, sentenced on the aggravated assault charges, and placed on probation.

The PSI report assigned Arnold a criminal history score of B. The trial court sentenced Arnold to 228 months' incarceration. Arnold appealed raising three issues. Arnold stated that the district court (1) erred in using two prior convictions in scoring his criminal history;(2) the sentence imposed was based on an improper classification of the two prior convictions; and (3) the court erred in sentencing petitioner without proving his prior convictions to a jury beyond a reasonable doubt. The Kansas Court of Appeals affirmed his conviction and sentence.[2]  The Kansas Supreme Court denied review.

Arnold then filed for state post-conviction relief pursuant to K.S.A. § 60-1507. He alleged ineffective assistance of counsel. The district judged denied Arnold's motion without an evidentiary hearing, and Arnold appealed. The Kansas Court of Appeals affirmed the district court's denial of

---

[2]*Arnold*, 2005 WL 400414, at *4.

post-conviction relief.[3]  The Kansas Supreme Court denied review. Petitioner filed this writ of habeas corpus in the District of Kansas on December 4, 2007.

## II.  Standard of Review

The Court's review of Petitioner's habeas motion is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[4] Pursuant to 28 U.S.C. § 2254(d)(1) and (2), the Court may not grant relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or, "was based on an unreasonable determination of the facts in light of the evidence presented at trial."

The United States Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from our precedent."[5]  A state court decision may be an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court] but unreasonably applies that principle to the facts of the prisoner's case."[6] The Court presumes that the state court factual findings are correct absent clear and convincing evidence to the contrary.[7]

---

[3]*Arnold*, 2007 WL 1814292, at *4.

[4]*Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003).

[5]*Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

[6]*Id.* at 413.

[7]28 U.S.C. 2254(e)(1); *see also Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002).

*Evidentiary Hearing*[8]

The law limits the authority of the court to hold an evidentiary hearing upon Petitioner's habeas application.[9] "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that" his claim relies on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence."[10] "A petitioner does not fail to develop his claim unless there is a lack of diligence, or some greater fault on his or her part."[11]

Even if a petitioner passes the first hurdle, he still must show that the facts underlying his claim "would establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."[12] Petitioner is not entitled to an evidentiary hearing if his allegations are contravened by the existing factual record.[13] As indicated below Petitioner's claims are contravened and can be resolved by the existing factual record. Petitioner, therefore, is not entitled to an evidentiary hearing.

---

[8]Although it does not appear that Petitioner specifically requested an evidentiary hearing in his writ of habeas corpus motion, the State asserts in its response that an evidentiary hearing is not necessary. Petitioner requested an evidentiary hearing in state court for his 60-1507 motion which was denied by both the district and appellate court. *Arnold*, 2007 WL 1814292, at *4. In addition, on January 8, 2009, Petitioner filed a "Motion for Ruling" with this Court in which he requests that the Court move forward to trial. The Court is construing that motion as Petitioner's attempt to request an evidentiary hearing.

[9]28 U.S.C. § 2254(e)(2).

[10]28 U.S.C. § 2254(e)(2)(A)(i)-(ii).

[11]*Young v. Sirmons*, 486 F.3d 655, 679 (10th Cir. 2007)(citations omitted), *cert. denied,* 128 S.Ct. 1269.

[12]28 U.S.C. § 2254(e)(2)(B).

[13]*Boyle v. McKune*, 544 F.3d 1132, 1136-37 (10th Cir. 2008).

**III. Analysis**

      In his petition for relief, Petitioner alleges (1) that the district court erred in using two prior convictions in scoring his criminal history because the alleged convictions were not proven by evidence; (2) under K.S.A. 21-4711(e), the sentence imposed by the court was unlawful because it was based on an improper classification of two prior convictions; (3) the court erred in sentencing petitioner without proving his prior convictions to a jury beyond a reasonable doubt in violation of his Sixth and Fourteenth Amendment rights; and (4) ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  The Court will address each claim.

      1.  *Use of Two Prior Convictions in Scoring Criminal History*

      Petitioner alleges that the district court erred in using the two prior convictions in scoring his criminal history because the convictions were not proven by evidence. In establishing Petitioner's prior Arkansas convictions, the State provided three authenticated copies of documents: a criminal felony information, an order placing Arnold on probation after entering a plea of guilty to two counts of aggravated assault, and a copy of a criminal docket.   Petitioner objected to the introduction of these documents and argued that the State should have provided a journal entry to prove these prior convictions.  The trial court found that the three documents were "properly verified through certificates of authentication."

      As an initial matter, it does not appear that Petitioner has raised a federal constitutional claim. Here, Petitioner does not allege that his prior Arkansas convictions were unconstitutional. Instead, he appears to assert that the documentation admitted into evidence was insufficient to prove his criminal history.  Indeed, in Arnold's direct appeal, his counsel argued that the State failed to meet its burden of producing evidence under K.S.A. 24-4715(c).

"[F]ederal habeas corpus relief does not lie for errors of state law."[14] "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[15]  As such, it does not appear that Petitioner's claim is properly before this Court as he has not raised a federal constitutional claim.

In any event, "[h]abeas relief may not be granted on the basis of state court evidentiary rulings unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results."[16]  The Kansas Court of Appeals found that "[a]lthough a certified copy of a journal entry of conviction is the best evidence  to prove prior convictions, the State is not limited to the journal entry as the only evidence that can prove a prior out-of-state conviction. It is acceptable for the State to use other certified documents to prove prior convictions so long as they establish factual guilt."[17]  The certified documents admitted into evidence certainly did not rise to the level of rendering Arnold's sentencing fundamentally unfair as the Kansas Court of Appeals noted that the documents the State used were acceptable evidence. Accordingly, Petitioner's claim for habeas relief on this ground must fail.

### 2. *Classification of Two Prior Convictions*

Petitioner alleges that the trial court erred in classifying his two prior Arkansas convictions as person felonies. Petitioner argues that Arkansas's aggravated assault statute is not comparable

---

[14]*Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)(citations omitted).

[15]*Id.* at 67-68.

[16]*Mayes v. Gibson*, 210 F.3d 1284, 1293 (10th Cir. 2000).

[17]*Arnold*, 2005 WL 400414, at *2.

to Kansas's aggravated assault statute, and the convictions therefore should have been scored as non person felonies. He asserts that he was improperly sentenced due to the improper classification.

Petitioner does not allege a violation of federal law or a constitutional right.  In his direct appeal, Petitioner contended that trial court incorrectly interpreted a state statute, K.S.A. § 21-4711(e), in classifying his prior convictions. The Kansas Court of Appeals found otherwise when it stated that "[t]he term 'comparable,' as it is used in K.S.A. 2004 Supp. 21-4711 does not require the elements of two crimes to be identical. . . . Arnold's convictions in Arkansas for aggravated assault were correctly classified as person offenses."[18]

As stated above, Petitioner is not entitled to federal habeas corpus relief for errors of state law.[19] In addition, a federal court "may not grant relief based on a state court's alleged error in applying its own law absent a finding that the state court's ruling was so arbitrary and capricious as to constitute an independent constitutional violation."[20]  This Court cannot so find.  The Kansas Court of Appeals determined that the crimes were comparable, and Arnold's prior Arkansas convictions were properly classified as a person offense. As such, Petitioner's application for habeas corpus relief on this ground is denied.

### 3. Prior Convictions not Proved Beyond a Reasonable Doubt

Relying on *Apprendi v. New Jersey*,[21] Petitioner claims that his constitutional rights were

---

[18] *Id.* at *3.

[19] *Estelle*, 502 U.S. at 67.

[20] *Graham v. McKune*, 2006 WL 3747559, at *5 (D. Kan. 2006)(*citing Fields v. Gibson*, 277 F.3d 1203, 1220 (10th Cir. 2002)).

[21] 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

violated because the court erred in using his prior convictions to determine his criminal history score when the prior convictions were not proved beyond a reasonable doubt to a jury.  In ruling on Arnold's claim, the Kansas Court of Appeals noted that the Kansas Supreme Court had already decided the issue adversely to him in *State v. Ivory*.[22]  The court noted that it was duty bound to follow Kansas Supreme Court precedent unless there was an indication that the court was departing from its previous position.[23]

Petitioner appears to argue to this Court that the Kansas Court of Appeals decision was contrary to the federal constitution because *Ivory* is not based on the federal constitution. Under the Kansas Sentencing Guidelines, criminal history "is built into the calculation of a presumptive sentence, rather than using criminal history as an enhancement."[24]  In *State v. Ivory*, the Kansas Supreme Court held that in light of *Almendarez-Torres v. United States*[25] and *Apprendi*, prior convictions need not be proven to  a jury to establish a defendant's criminal score. As such, *Ivory* is not contrary to *Apprendi* or the federal constitution as Petitioner alleges.

***"Other than the fact of a prior conviction***, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[26]  Recidivism is a traditional sentencing factor to be determined by a judge.[27] As

---

[22]*Arnold*, 2005 WL 400414, at *4 (*citing State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2003).

[23]*Arnold,* 2005 WL 400414, at *4.

[24]*Ivory*, 273 Kan. at 46-47.

[25]523 U.S. 224, 118 S.Ct. 1219,140 L.Ed.2d 350 (1998).

[26]*Apprendi,* 530 U.S. at 490 (emphasis added); *see also United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[27]*Almendarez-Torres*, 523 U.S. at 243.

such, prior convictions do not  have to submitted to a jury and proved beyond a reasonable doubt. The use of Petitioner's prior convictions was neither contrary to, nor an unreasonable application, of  United States Supreme Court precedent.  Accordingly, Petitioner is not entitled to relief on this claim.

### 4. *Ineffective Assistance of Counsel*

Finally, Petitioner alleges that he was denied effective assistance of counsel. Petitioner brings up seven allegations, but several of them fall into the same category.  Arnold asserts that he was pressured into pleading guilty to attempted second degree murder because his attorney never advised him of the consequences.  After Arnold was convicted, he stated that he learned that his wife's injuries were not sufficient to support a charge of attempted second degree murder, and his counsel should have argued for a reduced charge of aggravated battery consistent with the actual injuries. Petitioner also states that his attorney failed to subpoena CAT scan records that Arnold had done to determine if had a brain abnormality, failed to inform the court that Arnold was prescribed Zoloft, and only met with him a few times for five minute interviews.

As a preliminary matter, the Court must determine what allegations are properly before this Court. The State argues that Petitioner has only exhausted two of the seven allegations of ineffective assistance of counsel.  Specifically, the State asserts that the only claims properly before this Court are Petitioner's allegations that Petitioner's counsel failed to inform him of the consequences of his plea and failed to meet with him on a regular basis. The State argues that the remaining five claims were abandoned by Petitioner's appellate counsel because these claims were not brought up before

the Kansas Court of Appeals. Arguments and issues not raised on appeal are deemed abandoned.[28]

Ordinarily, a state prisoner is not able to obtain federal habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the prisoner."[29] "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[30] "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."[31] Proper exhaustion requires a prisoner to present his claims to a state court of last resort.[32] If the issue has not been properly presented to the court of last resort, the claim is procedurally defaulted.[33]

Here, Petitioner initially brought up all seven claims regarding ineffective assistance of counsel. Petitioner was pro se when he filed his 60-1507 motion with the state court. In this motion, he asserted all seven claims that are presently before this Court.[34] The district court in denying

---

[28]*Arnold*, 2007 WL 1814292, at * 1 (*citing State v. Holmes*, 278 Kan. 603, 622, 102 P.2d 406 (2004)).

[29]28 U.S.C. § 2254(b)(1).

[30]*O'Sullivan v.Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

[31]*Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

[32]*O'Sullivan*, 526 U.S. at 848.

[33]*Id.*

[34]There also appear to be three additional claims that Petitioner brought up in the 1507 motion to the state court: (1) petitioner's criminal history was not legally proven; (2) petitioner's counsel failed to raise issues on appeal that the appellant suggested; and (3) petitioner's attorney did not broach the subject of probation and fully present the court reasons for probation. Petitioner has not included these claims in his habeas petition.

Arnold's motion addressed the following issues: (1) petitioner was pressured into pleading guilty; (2) petitioner was not advised of consequences of plea; (3) petitioner's criminal history was not legally proven; (4) counsel conferred with petitioner for only a few minutes; and (5) counsel did not broach the subject of probation.   The district court did not address Petitioner's other allegations.

On his appeal, Arnold was represented by counsel. Arnold's counsel primarily focused on the voluntariness of Arnold's plea by arguing that Arnold did not understand the consequences of the plea agreement. Arnold's counsel raised all allegations presently before this Court, albeit very briefly, with the exception of Petitioner's allegations that counsel failed to subpoena his CAT scan records and failed to inform the court that he was prescribed Zoloft. Because those issues were not raised on appeal, the Kansas Court of Appeals did not address those allegations.[35]  As such, these two allegations are procedurally defaulted because of the failure to raise the issue to the state's highest court.

However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."[36] "[W]hen an unexhausted claim is easily resolvable against the habeas petitioner, the district court may apply section 2254(b)(2) and deny the claim on the merits."[37] This Court finds that

---

[35]Although the appellate court also did not specifically address Arnold's allegation regarding the adequacy of counsel's time spent with him, the issue was raised before the Kansas Court of Appeals.  If a claim has been raised before an appellate court but the court decides not to address it, the issue has been fairly presented to the highest state court, and the exhaustion requirement has been satisfied.  *Smith v. Digmon*, 434 U.S. 332, 333, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978).

[36]28 U.S.C. 2254(b)(2); *see also Rudolph v. Galetka*, 2000 WL 293706, at *1 (10th Cir. 2000) (unpublished).

[37]*Rudolph*, 2000 WL 293706, at * 1 (*citing Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S.Ct. 1517,137 L.Ed.2d 771 (1997)).

-11-

Petitioner's claims are easily resolved against Petitioner based on the factual record. As such, the Court will address all of Petitioner's allegations regarding ineffective assistance of counsel.

Ineffective assistance of counsel claims are governed by the familiar standard in *Strickland v. Washington*.[38]  First, the petitioner must show that his attorney's performance "fell below an objective standard of reasonableness."[39]  Second, he must demonstrate that counsel's deficient performance actually prejudiced his defense.[40] In the context of a guilty plea, the petitioner must establish prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[41] "There is a strong presumption that counsel's performance falls within the wide range of professional assistance; the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy."[42]

Petitioner first asserts that he was pressured into pleading guilty because he was not advised of the consequences of entering such a plea. In its opinion, the Kansas Court of Appeals set forth the Kansas standard for evaluating ineffective assistance of counsel claims which is identical to the standard stated in *Strickland* and *Hill*.[43] The appellate court found that Petitioner's allegation that he was not advised of the consequences was without any support in the record.

---

[38]466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[39]*Boyle*, 544 F.3d at 1137 (*citing Strickland*, 466 U.S. at 688).

[40]*Id.*

[41]*Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

[42]*Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2573, 91 L.Ed.2d 305 (1986)(citations omitted).

[43]*Arnold*, 2007 WL 1814292, at *2.

The court specifically found that

> Arnold signed a tender of plea form which provided that he (1) was satisfied with his attorney's representation; (2) discussed the nature of the elements of the charge against him, including lesser included charges, with his attorney; (3) understood the constitutional rights he was waiving by entering the plea; (4) understood that the maximum presumptive sentence for attempted second-degree murder was up to 247 months' imprisonment depending on his prior criminal history; (5) was not coerced into entering the plea; and (6) was not under the influence of alcohol or drugs and had never been determined to be mentally incompetent or mentally ill.[44]

Arnold also indicated that he understood that the court was not bound by any agreements between the State and his counsel with respect to sentencing.

In addition, defense counsel submitted a signed certificate along with the plea form stating that he had assisted Arnold with completing the plea form after discussing the contents with him and that he had made no promises to Arnold concerning any sentence the court may impose. Defense counsel indicated that he believed that Arnold was competent to understand the charges and the consequences of pleading no contest.

Finally, as the Kansas Court of Appeals noted, the district court made an extensive inquiry into Arnold's plea at the plea hearing.

> "THE COURT: ... Mr. Arnold, your attorney has handed me a document entitled Tender of Plea of *Nolo Contendere* and I'd like to ask you some questions about this document so it is clear to me, clear on the Court's record, you understand why we're here, what rights you have, what rights you would be waiving and the possible penalties for this offense. This document, which your attorney handed me, did you and he read through this together either today or at a previous time?
> "MR. ARNOLD: Yes, we did.
>
> "THE COURT: Alright. And do you believe you understand what the document says, what it means?
>
> "MR. ARNOLD: Yes.
>
> "THE COURT: And did you then sign it at the end after you and he had read through it?

---

[44]*Id.*

"MR. ARNOLD: Yes, I did.

"THE COURT: So, as I indicated to you, I want to discuss this with you, some of the questions and statements in your plea form."

"THE COURT: Has Mr. Hickman represented you throughout the course of these proceedings?

"MR. ARNOLD: Yes.

Arnold expressed no dissatisfaction with defense counsel's representation:

"THE COURT: During that representation, do you feel you've been able to talk with him, either by telephone or in person, when you needed to?

"MR. ARNOLD: Yes, sir.

"THE COURT: And when you had your consultations, your conferences, do you feel like he explained things so that you could understand them?

"MR. ARNOLD: Yes, sir.

"THE COURT: Did you and he discuss the facts of the case?

"MR. ARNOLD: Yes.

"THE COURT: Did you and he discuss the evidence which he felt the State would probably be able to present if the matter went to trial?

"MR. ARNOLD: Yes.

"THE COURT: Did he-did you and he discuss your absolute right to a jury trial?

"MR. ARNOLD: Yes."

At the hearing, the court also explained to Arnold the possible penalties of his plea:

"THE COURT: Are you presently on probation or parole from any other offense?

"MR. ARNOLD: No.

"THE COURT: You're not. Now, did you and Mr. Hickman discuss the potential prison sentence in this case?

"MR. ARNOLD: Yes.

"THE COURT: Depending on the prior criminal history, your prior criminal history, if any, this offense would carry a presumptive sentencing range of fifty-five to two hundred and forty-seven months in the custody of the Secretary of Corrections, in prison, and, in addition, the Court could impose a fine of up to three hundred thousand dollars and, in addition, there would be a thirty-six month post-release supervision period after you had finished the prison portion of your sentence. Do you have any questions about the potential penalties in this case?

"MR. ARNOLD: No.

"THE COURT: Now, there have been-am I correct, Mr. Arnold, there have been plea negotiations in this case which have benefitted you? In other words, you would be-as

-14-

we discussed, you would be pleading no contest to the second amended complaint charging you with attempted second degree murder and there are no other agreements as far as sentencing or anything else, do you understand that?

"MR. ARNOLD: Yes.

"THE COURT: Now, when it comes time for sentencing, I will have a presentence investigation report, which will be prepared by the court services officer, at the time of sentencing I will listen to any evidence you wish to present and any statement you wish to present in mitigation of the sentence and if the State wishes to present any evidence, of course, I would listen to that. I would listen to any statements by your attorney on your behalf and then ultimately it would be up to me to determine what the proper sentence should be within the sentencing guidelines, is that clear to you?

"MR. ARNOLD: Yes, sir."[45]

The Kansas Court of Appeals stated that "Arnold's claims that he did not understand the sentencing consequences of his plea, that he was not accurately advised of the range of possible sentences, and that he did not understand that his prior convictions might result in an aggravated sentence are without any support in the record."[46]  This Court agrees that Petitioner's allegations lack support in the record.  As such, Petitioner's counsel's conduct did not fall below an objective standard of reasonableness, and the appellate court's rationale was not an unreasonable application of law.

The Kansas Court of Appeals also addressed Petitioner's allegation that his wife's injuries were not sufficient to support an attempted second-degree murder charge and counsel should have argued for a reduction to aggravated battery.  The appellate court found that Arnold's defense counsel did negotiate a reduction in the charge from attempted first-degree murder to attempted second-degree murder.[47]  It also stated that the district court had evidence in front of it that supported

---

[45]*Id.* at *3-4.

[46]*Id.* at *2.

[47]*Id.* at *4.

the charge of attempted second-degree murder because "the official version of the crime contained in the presentence investigation report shows substantial potential life-threatening injuries to the victim."[48]  This Court agrees with the appellate court's statement that "[t]he seriousness of the crime was properly considered."[49]  Again, Petitioner's counsel's conduct did not fall below an objective standard of reasonableness, and the appellate court's decision was not contrary to, or an unreasonable application of law.

Although it does not appear that the Kansas Court of Appeals specifically addressed Petitioner's allegation that his counsel only met with him for a few minutes at a time, the factual record is clear.  Petitioner was asked whether his counsel was available to him when he needed him, whether Petitioner had discussed the facts of the case with his counsel, and whether his counsel explained things to him so that he understood it.  Petitioner affirmatively answered each of these questions.  As such, this Court easily finds that Petitioner's counsel's conduct did not fall below an objectively reasonable standard in meeting with Petitioner.

With regard to Petitioner's allegation that his counsel failed to subpoena his CAT scan and failed to inform the court that Petitioner had been prescribed Zoloft, Petitioner appears to allege that these facts may explain his erratic or irrational behavior. This Court is unclear how this relates to Petitioner's ineffective assistance of counsel claim.  However, as stated above, an ineffective assistance of counsel claim requires a showing that counsel's performance was below an objective standard of reasonableness, and it actually prejudiced the defense.  There is nothing in the record to indicate that Petitioner's counsel's conduct fell below an objective standard of reasonableness.

---

[48]*Id.*

[49]*Id.*

In addition, there is nothing in the record to indicate that but for counsel's error in obtaining Petitioner's CAT scan or informing the court that Petitioner had been prescribed Zoloft that Petitioner would not have pleaded guilty and would have insisted on going to trial.  Accordingly, Petitioner's ineffective assistance of counsel claim fails as Petitioner has presented no evidence that his constitutional rights were violated.

**IT IS ACCORDINGLY ORDERED** that Petitioner Alvin Arnold's Motion for Writ of Habeas Corpus be **DENIED.**  Petitioner's Motion for Ruling (Doc. 23) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 12th day of March, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

-17-